

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-13-121

| | | |
|---|---|---|
| | | **Opinion Delivered** August 28, 2013 |
| MICHAEL H. COUPEY | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-2011-1068] |
| | APPELLANT | |
| V. | | HONORABLE STEPHEN TABOR JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## DAVID M. GLOVER, Judge

Michael Coupey appeals from the revocation of his suspended sentence for the underlying offense of aggravated assault. He challenges the sufficiency of the evidence supporting the trial court's finding that he violated the terms of his suspended sentence by committing the offense of first-degree terroristic threatening, and further contends that his confrontation-clause rights were violated. We affirm.

Coupey pled guilty to two offenses in November 2011—aggravated assault and domestic battery. The victim of both offenses was his girlfriend at the time, Shelly Wilkinson. He was sentenced to six months in the county detention center on the domestic-battery charge, which he completed. With respect to the aggravated-assault charge, he received a seventy-two-month suspended sentence. Part of his sentence also

SLIP OPINION

included payment of restitution in the amount of $922.01, to be paid in $55 monthly installments after his release from the detention center, and a public-defender fee in the amount of $100. He was ordered to have no contact with Wilkinson. The terms and conditions of his suspended sentence included the requirement that he not violate any federal, state, or municipal laws.

Coupey was charged with first-degree terroristic threatening on August 6, 2012. This charge was based on Michael Dishno's allegation that Coupey threatened him over the telephone. Dishno was Shelly Wilkinson's new boyfriend. The State subsequently filed a petition to revoke Coupey's suspended sentence on November 28, 2012. The petition alleged violations of the terms and conditions of the suspended sentence by committing the terroristic-threatening offense and by failing to pay the ordered restitution and fees. The revocation hearing was held on January 9, 2013. The State presented the testimony of Dishno and Officer Clyde Forrest, the Fort Smith police officer who responded to Dishno's call about Coupey's threatening telephone call.

Dishno testified that on June 7, 2012, he, Shelly, and Brandy Munn were in a bedroom at his residence when they "heard something at the window." Dishno stated that he ran outside and received a call on his cell phone from Coupey. He said that Coupey told him he was going to cut his throat with the same knife he had used to cut his window screen. Dishno stated that he did not see any damage to his screen but that it was loose and he was scared. He explained that he called the police. He said that Coupey called back while Officer Forrest was at his house and that he put Coupey on speaker

phone so the officer could hear what Coupey said. He acknowledged that Coupey did not make any threats during that call.

Officer Forrest testified that he received a call from Dishno stating that Coupey had threatened him and had cut his screen. The officer explained that he looked at the window screen, that it was slightly out of its frame, and that it was not cut. He said that Dishno told him Coupey had threatened to cut his throat.

The officer testified that he talked to two women while he was at Dishno's residence. Defense counsel objected regarding anything the women said based on the confrontation clause. The objection was overruled, and Forrest testified that he spoke with Shelly Wilkinson and Brandy Munn and that they "told [him] the same story." Forrest recounted that Coupey made two calls to Dishno while Forrest was at the residence; that he (Forrest) told Dishno to ignore one and that the second call was put on speaker phone. He remembered something being said about Shelly's birthday and that it sounded like Coupey was joking and trying to get a rise out of Dishno.

At the close of the hearing, the trial court dismissed the failure-to-pay portion of the petition to revoke, concluding that Coupey had made seven payments in a six-month period. However, the trial court further concluded that Coupey had violated the terms of his suspended sentence by committing the offense of terroristic threatening in the first degree, explaining:

> There were things that concerned me, and I understand your point about Mr. Dishno's testimony. There were issues about him not remembering signing

3

SLIP OPINION

the statement. His testimony was given some credibility when the Defendant continued to call after the officer arrived. Defendant spent six months in jail, and four months after he got out he is making these phone calls, at least trying to convey messages to Shelly, who was his previous victim and who he had been ordered by the Court to refrain from contacting. It concerns me that he has disregarded orders from the Court. The non-payment part of the petition to revoke is dismissed. He made seven payments in a six-month period. However, I find that Mr. Coupey violated terms of his suspended sentence by committing the offense of terroristic threatening in the first degree.

The trial court sentenced Coupey to eighteen months in the Arkansas Department of Correction, with an additional four years suspended conditioned upon Coupey having no contact with either Shelly or Dishno. This appeal followed.

To prevail on a petition to revoke, the State must prove by a preponderance of the evidence that the defendant inexcusably violated at least one condition of his probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2011); *Hill v. State*, 2012 Ark. App. 493. We will reverse an order of revocation only if the trial court's findings are clearly against the preponderance of the evidence, and we defer to the trial court's superior opportunity to assess witness credibility in determining where the preponderance of the evidence lies. *Hill*, *supra*.

A person commits terroristic threatening in the first degree if, with the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person. Ark. Code Ann. § 5-13-301 (a)(1)(A) (Repl. 2006). Evidence that is not sufficient to support a criminal conviction may be sufficient to support a revocation. *Johnson v. State*, 2011 Ark. App. 718.

SLIP OPINION

Coupey's challenge to the sufficiency of the evidence is basically a challenge to Dishno's credibility. He argues that Dishno's testimony was inconsistent and that it demonstrated faulty memory about the alleged incident. We defer to the trial court's superior position to judge matters of credibility and the weight that is to be given to the evidence. *Aquilino v. State*, 2010 Ark. App. 516. Here, while the trial court did state that there were things about Dishno's testimony that concerned it, the court also noted that Coupey called twice more after the officer arrived, which bolstered Dishno's credibility. The trial court also expressed its concern over the fact that, after spending six months in jail and being ordered not to contact Shelly, "four months after he got out he is making these phone calls, at least trying to convey messages to Shelly, who was his previous victim and who he had been ordered by the Court to refrain from contacting."

Dishno testified that he heard a noise outside his bedroom window; that he went out to check on it; that he received a phone call from Coupey threatening to cut his throat with the same knife he used to cut his window screen; that, while the screen had not been cut, it had been tampered with and was loose in its frame; that the call scared Dishno; and that as a result he called and reported the incident to the police. The trial court was clearly concerned that Coupey was disregarding the court's orders and clearly found credible Dishno's testimony that Coupey threatened to cut his throat, that it scared him, and that he contacted the police about the threat. We hold that the evidence presented to the trial court is sufficient to support its finding that Coupey violated the

terms and conditions of his suspended sentence by committing the offense of first-degree terroristic threatening.

Coupey's remaining argument challenges the trial court's denial of his confrontation-clause objection when Officer Forrest mentioned that he had talked to two women at the house. We find no merit in this point of appeal.

The confrontation-clause objection was raised when the officer first mentioned that he had talked to two women while he was at Dishno's residence in response to the call. The objection was overruled. The only thing the officer subsequently recounted was that the two women told him "basically the same story" as Dishno. Moreover, as noted by the State in its brief, any testimony that the women could have offered beyond that would not have gone to the crux of the matter before the trial court because Coupey's alleged threat to cut Dishno's throat occurred in a telephone call to Dishno only. That is, the actual conversation was not overheard by the two women. Consequently, Dishno was the only witness who could supply the evidence of the terroristic threatening, and the trial court clearly did not rely upon the officer's testimony that the women told him "basically the same story" in making its decision. We hold that there was no violation of Coupey's right to confront witnesses under the circumstances of this case.

Affirmed.

WOOD and BROWN, JJ., agree.
*Flinn Law Firm, P.A.*, by: *Jennifer Williams Flinn*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.