
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-13-318

| | | |
|---|---|---|
| | | **Opinion Delivered** October 30, 2013 |
| LEROY HASKINS | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| | APPELLANT | [NOS. CR-02-659, CR-02-893, CR-08-154, CR-12-249] |
| V. | | |
| | | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**ROBIN F. WYNNE, Judge**

Leroy Haskins appeals from the revocation of his suspended sentences by the Sebastian County Circuit Court. He argues that the trial court erred by denying his motion to dismiss and by denying his motion for a continuance. We disagree and affirm.

In August 2003, appellant pled guilty to possession of methamphetamine, possession of drug paraphernalia, possession of marijuana, and obtaining a controlled substance by fraud. He was sentenced to two years' imprisonment and eight years' suspended imposition of sentence. As a condition of his suspended sentence, appellant was required to refrain from violating any federal, state, or municipal law. In June 2010, appellant pled guilty to possession of marijuana with intent to deliver and possession of drug paraphernalia. He was sentenced to five years' imprisonment and five years' suspended imposition of sentence. The terms and



conditions of his suspended imposition of sentence required him to refrain from violating any federal, state, or municipal law and pay a $100 public-defender fee. In April 2012, appellant pled guilty to charges of possession of drug paraphernalia and possession of hydrocodone. He was sentenced to two years' imprisonment and four years' suspended imposition of sentence. He was again required to refrain from violating any federal, state, or municipal law as part of the terms and conditions of his suspended imposition of sentence.

The State filed a petition to revoke on January 22, 2013, in which it alleged that appellant violated the terms and conditions of his suspended sentences by committing the offense of delivery of methamphetamine on two occasions and failing to pay his public-defender fee. The hearing on the petition to revoke was held on March 6, 2013. Approximately one minute before the hearing was set to begin, appellant requested a continuance in order to replace his public defender with a private attorney. The State objected to the continuance, stating that it had five officers who had been subpoenaed and were present to testify. Although appellant stated that he had hired another attorney, the clerk of the court informed the trial judge that no entry of appearance had been filed. The trial court denied the motion, stating that the petition was filed on January 22, 2013, the hearing had been set on February 15, 2013, the continuance was not requested until one minute before the hearing was set to begin, and the court believed appellant was manipulating the system.

Detective Donnie Ware with the Fort Smith Police Department testified that he and other investigators used a confidential informant to purchase methamphetamine from

SLIP OPINION

appellant on October 29, 2012. The informant was searched and provided a wire transmitter and hidden camera. Detective Ware maintained sight of the informant for ninety-five percent of the trip to appellant's location. The informant arrived at a residence identified as belonging to appellant's mother where a brief conversation took place between appellant and the informant in the driveway of the residence, after which the informant left. After the encounter with appellant, the informant had a substance determined to be methamphetamine in his possession. During the transaction, Detective Ware could not see the participants, but he could hear the deal over the wire. The informant remained in his sight for the entire trip back to the meeting location. Detective Ware testified that the same sequence of events occurred on October 31, 2012.

Sergeant Joe Lawson with the Fort Smith Police Department testified that he was present at the scene of the transaction on October 29. He saw appellant in front of the house at the time of the transaction and saw appellant driving a car that had been parked in front of the residence. The State presented no evidence regarding appellant's alleged failure to pay his public-defender fee.

After the State's case, appellant made a motion to dismiss, arguing that the State failed to make a prima facie case that he was the one involved in the delivery of the methamphetamine. The trial court denied the motion. At the conclusion of the hearing, the trial court found by a preponderance of the evidence that appellant violated the terms of his suspended sentences. The trial court sentenced appellant to a total of twenty-two years' imprisonment and sixteen years' suspended imposition of sentence. This appeal followed.


SLIP OPINION

Appellant's first point on appeal is that the trial court erred by denying his motion to dismiss because the State failed to prove that he committed the offense of delivery of methamphetamine. In order to prevail on a petition to revoke, the State must prove by a preponderance of the evidence that the defendant inexcusably violated at least one condition of his probation. Ark. Code Ann. § 16–93–308(d) (Supp. 2011); *Coupey v. State*, 2013 Ark. App. 446. We will reverse an order of revocation only if the trial court's findings are clearly against the preponderance of the evidence, and we defer to the trial court's superior opportunity to assess witness credibility in determining where the preponderance of the evidence lies. *Coupey*, *supra*.

Appellant argues that the State failed to meet its burden of proof because none of the witnesses who testified identified appellant as a participant in the transaction, and the confidential informant did not testify. Appellant contends that the facts in this case are very similar to those presented in *Slater v. State*, 2011 Ark. App. 213, 382 S.W.3d 771. In *Slater*, we held that the evidence was insufficient to support the defendant's conviction for delivery of cocaine. Our holding in *Slater* was based on the fact that the informant did not testify at trial, neither of the surveillance officers saw the drug buy take place, no camera recorded the buy, the audio recording did not evidence any exchange between any of the men recorded, the informant came into contact with more than one potential seller, and the informant was out of officer view when he was inside a shop with an unidentified person before the defendant ever appeared on the scene.

This case is distinguishable from *Slater*. *Slater* involved a conviction for delivery of a controlled substance; this case is an appeal from a revocation. The State's burden of proof in a revocation proceeding is less than that required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation of probation. *Mahomes v. State*, 2013 Ark. App. 215, __ S.W.3d __. Also, in this case, although the informant did not testify, a detective heard the transaction take place over a wire, there was only one potential seller at the location, which was a house belonging to appellant's mother, and the individual who met with the informant at the location of the sale was identified as appellant. The trial court's finding that appellant violated the terms of his suspended sentences by committing the offense of delivery of methamphetamine was not against the preponderance of the evidence. We affirm on this point.

Appellant's second point on appeal is that the trial court violated his right to choice of counsel by denying his motion for a continuance. We review the grant or denial of a motion for continuance under an abuse-of-discretion standard. *Smith v. State*, 2012 Ark. App. 613. Our supreme court has stated that, once competent counsel has been obtained, any request for a change in counsel must be balanced against the public's interest in the prompt dispensation of justice. *Arroyo v. State*, 2013 Ark. 244, __ S.W.3d __. The right to counsel may not be manipulated or subverted to obstruct the orderly procedures of the court, or to interfere with the fair, efficient, and effective administration of justice, particularly when a change of counsel is made on the eve of trial, primarily for the purpose of delay, and without making any effort to obtain substitute counsel. *Id*. In each situation the court must look at

the particular circumstances of the case at bar, and the issue must be decided on a case-by-case basis. *Id.* Factors to be considered by the circuit court include whether there was adequate opportunity for the defendant to employ counsel; whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether the motion for a continuance was timely filed; whether the defendant contributed to the circumstances giving rise to the request for a continuance; whether the reason for the discharge of existing counsel was solely for the purpose of obtaining a continuance; and whether the request was consistent with the fair, efficient, and effective administration of justice. *Id.*

In this case, appellant did not ask for a continuance until immediately before the hearing on the petition to revoke was set to begin, despite the fact that he had been aware of the hearing date for several weeks. Appellant's public defender did not provide a reason why appellant was dissatisfied with her representation. Appellant indicated to his public defender that he had hired another attorney, but there was no proof that this was the case and no entry of appearance had been made by any other attorney, despite the immediacy of the hearing. The State had subpoenaed five officers who were present and prepared to testify. In light of these circumstances, the trial court concluded that appellant was merely attempting to manipulate the system by requesting a continuance. We hold that the denial of appellant's motion did not constitute an abuse of discretion and affirm on this point as well.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*Snively Law Firm*, by: *Nick Churchill*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.