ROBIN F. WYNNE, Associate Justice |! Stanley Carter appeals from his convictions on three counts of rape, for which he was sentenced to consecutive terms of imprisonment of life, fifty years, and fifty years.[1] On appeal, he argues that his convictions should be reversed and dismissed for a speedy-trial violation because the trial court did not follow the strict commands of Arkansas Rule of Criminal Procedure 28.3(b)(1). For the reason set out below, we affirm. Appellant was arrested on June 15, 2012. His trial was continued on several occasions. Pertinent to this appeal, the circuit court entered a scheduling order setting the case for trial to be held on March 11, 2013. On March 7, 2013, the circuit court entered a scheduling order continuing the trial until May 13, 2013. On May 13, 2013, appellant’s trial was continued over appellant’s objection, with the trial court noting on the docket the 12following: “Case continued over defendant’s objection based on congested docket. The case is set for July 22, the next available date on this docket. The time is excluded. The court finds there is no prejudice to the defendant who is out on bond.” The court also entered an order setting a new trial date of July 22, 2013. Appellant’s case was tried before a Crit-tenden County jury on July 22-24, 2013. In a pretrial healing outside the presence of the jury, appellant moved to dismiss his case based on an alleged speedy-trial violation. During this hearing, the circuit court and counsel discussed that the continuance granted on March 7, 2013, had been at defense counsel’s request due to illness in his family; his wife had been diagnosed with the flu, and the doctor had informed them that he and their three young children would likely get the flu also. The court denied the motion. Appellant was found guilty on all three counts and sentenced by the court on September 16, 2013. On September 20, 2013, appellant filed a “motion to supplement the record and to renew motion to dismiss for violation of speedy trial.” In his motion, appellant argued that “other than the State’s contention that the trial docket was congested during the May 2013 term.” “there are no excludable periods.” The State responded with a detailed explanation for each continuance of appellant’s trial date. The circuit court denied appellant’s motion by written order entered on October 2, 2013. This appeal followed.[2] |3Pursuant to Rule 28.1 of the Arkansas Rules of Criminal Procedure, a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3. See Ark. R.Crim. P. 28.1(b), (c) (2013); Eagle v. State, 2012 Ark. 371, 2012 WL 4754961. On appeal, we conduct a de novo review to determine whether specific periods of time are excludable under our speedy-trial rules. Yarbrough v. State, 370 Ark. 31, 33, 257 S.W.3d 50, 53 (2007). Once a defendant establishes a prima facie case of a speedy-trial violation, i.e., that his or her trial took place • outside of the speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant’s conduct or was otherwise justified. Id. In the present case, it is undisputed that appellant was tried 402 days after his arrest; thus, the burden is on the State to prove that the delay was excludea-ble for speedy-trial purposes-. See Yarbrough v. State, supra. Relevant to this appeal, Rule 28.3(b) provides that the following is excluded: The period’ of delay resulting from a continuance attributable to congestion of the trial docket if in a written order or docket entry at the time the continuance is granted: (1) the court explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled; (2) the court determines that the delay will not prejudice the defendant; and (3) the court schedules the trial on the next available date permitted by the trial docket. (Emphasis added.) Here, the trial court’s docket notation did not comply with Rule 28.3(b)(1). As conceded by the State, our precedent has adhered to the plain, language of Arkansas Rule of Criminal Procedure 28.3(b)(1), which, provides that a period of delay due to trial-docket congestion is excluded in computing the time for trial if “in a written order |4or docket entry at the time the continuance is granted ... the court explains with particularity the reasons the trial docket does not permit trial on the date originally - scheduled.” The law is well settled that congestion of the trial docket, without more, is not just cause for breaching the speedy-trial-rule. Moody v. Ark. Cty. Circuit Court, 350 Ark. 176, 85 S.W.3d 534 (2002). The written order or the docket must detail the reason for the continuance on this basis. Id. (citing Hicks v. State, 305 Ark. 393, 808 S.W.2d 348 (1991)). Rule 28.3(b)(l)’s requirement of a contemporaneous written ofder or docket entry explaining with particularity the reasons the trial docket does not permit trial was not met in the present case. Thus, appellant is correct that the trial court erred in excluding the period from May 13 to July 22,2013. The State argues that this court can nonetheless look to a different-period of time that should have been excluded from the speedy-trial' calculation. Indeed, in Ferguson v. State, 343 Ark. 159, 171, 33 S.W.3d 115, 123 (2000), this court found that two periods of delay, totaling 202 days, should be excluded from the calculation of-speedy trial because they were the result of delays from pretrial motions filed by the appellant. This court wrote, “Although the trial court did not rely on these specific periods of delay in denying the motion to dismiss, we are not constrained by the trial court’s rationale and may go to the record for additional reasons to affirm.”' Looking at the State’s argument in the present case, it correctly notes that postponement of a trial because of defense counsel’s illness can constitute “good cause” that is excludable under Rule 28.3(h).[3] See Strickland v. State, 331 6Ark. 402, 962 S.W.2d 769 (1998). Furthermore, the State argues that this case is similar to Jones v. State, 323 Ark. 655, 916 S.W.2d 736 (1996), in which this court held that, despite the lack of a contemporaneous record,- the trial court had continued the case for good cause based on the undisputed fact that defense counsel was hospitalized. ■ ■ ■ Here, the,circuit court entered a scheduling order on March 7, 2013, which continued appellant’s jury trial until May 13, 2013. The record reveals that the March trial date was continued at appellant’s attorney’s request because appellant’s attorney’s wife had the flu, and the doctor had informed him that he and his three young children were likely to get sick as. wed. This period is excludable under both Rule 28.3(c) (a continuance granted at the request of the defendant or his counsel) and (h) (other periods of delay for good cause). The exclusion of,the sixty-seven days between March 7 and May 13, 2013, brings appellant’s trial date well within the one-year period for speedy trial. Because, we hold that this period was in fact excludable, we affirm., Finally, pursuant to Arkansas Supreme Court Rule 4-3(i), the record has been reviewed for all objections, motions, and requests ’ that were decided adversely to appellant, and no prejudicial error has been found. Affirmed. Baker, Goodson, and Wood, JJ,, concur in part and dissent in part. . Appellant was convicted under Arkansas Code Annotated section 5-14-103(a)(3)(A) (Repl. 2013), which provides that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. . In January 2015, this court ordered rebrief-ing. Carter v. State, 2015 Ark. 4, 2015 WL 224997 (per curiam). In June 2015, this court again ordered rebriefing and this time removed counsel; new counsel was subsequently appointed. Carter v. State, 2015 Ark. 259, 2015 WL 3542128 (per curiam). . The excluded periods of time for purposes of calculating speedy trial include Rule 28.3(h): "Other periods of delay for good cause.”