Cite as 2019 Ark. App. 592

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-19-518

| | | |
|---|---|---|
| MAXXI L. BROOKS | | **Opinion Delivered** December 11, 2019 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | | [NO. 16JCR–17–616] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE PAMELA HONEYCUTT, JUDGE |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Following a jury trial, appellant Maxxi L. Brooks was convicted in the Craighead County Circuit Court of committing a fraudulent insurance act and attempted theft of property. On appeal, she argues that the circuit court abused its discretion in denying her motion for a continuance. We affirm.

Appellant's jury trial was originally scheduled for August 2017. On defense motions for continuances, the trial was rescheduled for December 2017, then April 2018, and then August 2018. On August 20, 2018, the defense filed another motion for a continuance arguing that a defense witness would not be able to testify until after resolution of his charges in federal court in November 2018. Appellant's attorney also argued that he needed more time to prepare for trial due to obligations in another case set for trial at the same time. The circuit court granted the motion and reset the trial for December 17, 2018.

On December 6, 2018, appellant's attorney filed another motion for a continuance arguing that the defense witness was not willing to testify until after his sentencing in federal court in February 2019. On December 13, 2018, appellant filed a pro se motion for a continuance citing the unavailability of her witness and requesting time to raise money to hire an unnamed lawyer who she said was willing to take her case once she could make a payment. A hearing on the motions was held on December 17. The circuit court stated that it had already continued the case for appellant to hire a lawyer and she had not done so. Noting that the case had been pending for more than a year, the court ruled that it was not going to continue the case again for this reason.

Regarding the defense witness, appellant's counsel argued that the witness had informed him that he would not testify in appellant's trial before his sentencing in his federal case. The State argued that the witness's federal case was a drug case that had nothing to do with appellant's case, and there was no reason why he could not testify before his sentencing. The court agreed with the State and noted that the case had been continued for this witness before with the assurance that he would be available for this trial date. Accordingly, the court denied the motions for a continuance, and appellant's jury trial was held the following day.[1] She was convicted on both counts and sentenced to one year imprisonment.

On appeal, appellant argues that the circuit court abused its discretion in denying her motions for a continuance to secure the witness and obtain new counsel. She argues that her motions did not come at the last minute before trial, that there was no showing by the

---

[1]Appellant chose to represent herself at trial with assistance from the public defender.

State that a continuance would hinder its case, and that denying the continuance did hinder her case.

We review a denial of a motion for continuance under an abuse-of-discretion standard, and an appellant must demonstrate that the circuit court's abuse of its discretion resulted in prejudice amounting to a denial of justice. *Creed v. State*, 372 Ark. 221, 273 S.W.3d 494 (2008). Arkansas Rule of Criminal Procedure 27.3 provides that a court shall grant a continuance "only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case."

In deciding whether to grant a continuance to secure a witness, other factors a circuit court should take into consideration include (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove but also that the appellant believes them to be true. *Creed*, *supra*.

Appellant's conclusory argument fails to demonstrate an abuse of discretion resulting in prejudice. The State alleged at trial that appellant's insurance claim made after an alleged burglary listed the same stolen items she had listed in a police report from a burglary that occurred before her insurance was in effect. Appellant testified that her absent witness had replaced the items after the first burglary. The trial had already been continued for this witness, and the circuit court saw no reason why his sentencing in an unrelated case should

preclude him from testifying. Furthermore, appellant did not file an affidavit, and her proffer of his purported testimony indicated that it would be cumulative to her own testimony.

With regard to a continuance to obtain new counsel, we have said that once competent counsel has been obtained, any request for a change in counsel must be balanced against the public's interest in the prompt dispensation of justice. *Haskins v. State*, 2013 Ark. App. 613. The right to counsel may not be manipulated or subverted to obstruct the orderly procedures of the court or to interfere with the fair, efficient, and effective administration of justice, particularly when a change of counsel is made on the eve of trial, primarily for the purpose of delay, and without making any effort to obtain substitute counsel. *Id.* In each situation the court must look at the particular circumstances of the case at bar, and the issue must be decided on a case–by–case basis. *Id.* Factors to be considered by the circuit court include whether there was adequate opportunity for the defendant to employ counsel; whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether the motion for a continuance was timely filed; whether the defendant contributed to the circumstances giving rise to the request for a continuance; whether the reason for the discharge of existing counsel was solely for the purpose of obtaining a continuance; and whether the request was consistent with the fair, efficient, and effective administration of justice. *Id.*

Again, appellant has failed to demonstrate an abuse of discretion. The case had been pending for more than a year and appellant had received multiple continuances, including one for the specific purpose of allowing her to obtain private counsel. Despite being given an adequate opportunity to hire counsel, appellant had not yet hired counsel. She needed

4

an unspecified amount of time to raise more money to hire counsel, and if successful, her new attorney would undoubtedly need more time to prepare. We hold that the circuit court's denial of appellant's motion was not an abuse of discretion.

Affirmed.

GRUBER, C.J., and BROWN, J., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.