Cite as 2021 Ark. App. 121

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-20-355

|  |  |  |
|---|---|---|
| DERRICK GALVIN | | **Opinion Delivered:** March 10, 2021 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT |
| V. | | [NO. 30CR-18-283] |
| STATE OF ARKANSAS | | HONORABLE CHRIS E WILLIAMS, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Derrick Galvin was found guilty of second-degree battery in the Hot Spring County Circuit Court. He was sentenced as a habitual offender to twelve years' incarceration in the Arkansas Department of Correction. On appeal, appellant argues the circuit court erred in denying his (1) motion to dismiss based on a speedy-trial violation and (2) motion for continuance. We affirm.

Appellant first argues that the circuit court erred in denying his motion to dismiss for violation of his right to a speedy trial. Pursuant to Arkansas Rule of Criminal Procedure 28.2, a criminal defendant is entitled to have the criminal charges against him dismissed with an absolute bar to prosecution if the case is not brought to trial within twelve months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3. Once a defendant establishes a prima facie case that the trial took

place outside the speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified.[1]

Appellant argues that on December 10, 2019, once the circuit court read the information and charges against him, he moved to dismiss and made a prima facie case of a speedy-trial violation by stating that "[t]he 12 months to set a jury trial date has expired." Appellant contends that the circuit court did not allow him to further develop his argument nor did it shift the burden to the State to prove there was no speedy-trial violation. Appellant asserts that at the trial on January 27, 2020, the circuit court again denied his motion to dismiss based on a speedy-trial violation without first shifting the burden to the State to prove specific periods of time were excluded as "legally justified."

At the December 10 proceedings, appellant stated, "I mean, this case is, this case is supposed to be dismissed already." He further stated, "I already filed a motion to dismiss because it's been past 12 months for jury trial." Appellant further asked the court, "Is it not expired? Is it not expired right now?" In response, the circuit court set a trial date without addressing appellant's speedy-trial allegation. At the January 27 jury trial, the following exchange occurred:

| | |
|---|---|
| APPELLANT: | I object. Motion to dismiss 12 months to bring a jury trial. It's past the 12 months to bring me to jury trial. |
| THE COURT: | That motion is denied. Speedy trial time was tolled. You haven't got a speedy trial issue before the Court. |

---

[1] *Hall v. State*, 2020 Ark. App. 135, 594 S.W.3d 175.

2

We agree with appellant's contention that the circuit court found there was no speedy-trial violation without first requiring the State to set out specific time periods that were excludable.[2] Although it is unclear what time periods the circuit court relied on in determining "speedy trial time was tolled" and ultimately denying appellant's motion to dismiss, we nevertheless are not bound by the circuit court's rationale and may go to the record for additional reasons to affirm.[3]

On appeal, we conduct a de novo review of the record to determine whether specific periods of time are excludable for speedy-trial purposes under Rule 28.3.[4] The time for trial shall commence running from the date of arrest or service of summons.[5] Rule 28.3(a) expressly provides that the period of delay resulting from an examination of the defendant's competency shall be excluded in computing the time for trial. When tolling time for a mental evaluation, time is excluded from the date the exam is ordered until the date the report is filed.[6]

Here, as provided in Rule 28.1(b), the twelve-month time period for speedy trial began to run when appellant was arrested on January 7, 2019. Although his jury trial took

---

[2]At the December 10 proceeding, appellant's counsel noted that appellant had a mental evaluation and was found fit to proceed; however, no evidence was introduced as to when the evaluation was ordered or when the report was filed with the court.

[3]*See Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000) (holding that the appellate courts are not constrained by the circuit court's rationale for decisions on speedy-trial issues and may go to the record to affirm); *see also Carter v. State*, 2016 Ark. 152, 484 S.W.3d 673.

[4]*Id.*

[5]Ark. R. Crim. P. 28.2(a) (2019).

[6]*Perkins v. State*, 2019 Ark. 247, 582 S.W.3d 1.

place on January 27, 2020, just outside the twelve-month period, there was an excludable period that tolled the time for speedy-trial purposes. On May 22, 2019, in separate orders, appellant was ordered to undergo mental-health examinations to determine his criminal responsibility and his fitness to proceed. The reports from the mental evaluations were filed with the circuit court on September 19. The period of 120 days from the date the exams were ordered on May 22 until the date the reports were filed on September 19 is excludable from the twelve-month speedy-trial period. Although the trial took place 386 days after appellant's arrest, deducting the 120-day excludable time period leaves 266 days between the date of arrest and the date of trial. Thus, the trial occurred within the twelve-month period allowed, and appellant was not denied the right to a speedy trial.

Appellant also argues that the circuit court erred in denying his motion for continuance. He asserts that he requested a continuance to hire new counsel stating that he had the funds to do so, he was prevented from hiring counsel sooner because the prison denied him access to the telephone, and he suffered prejudice "as he was forced to trial without counsel of his own choosing."

We review the denial of a motion for continuance under an abuse-of-discretion standard, and an appellant must demonstrate that the circuit court's abuse of its discretion resulted in prejudice amounting to a denial of justice.[7] Prejudice is not presumed.[8] Arkansas Rule of Criminal Procedure 27.3 provides that a court shall grant a continuance "only upon

---

[7]*Creed v. State*, 372 Ark. 221, 273 S.W.3d 494 (2008).

[8]*Brooks v. State*, 2019 Ark. App. 592, 591 S.W.3d 389.

a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case."

In deciding whether to grant a continuance to obtain new counsel, we have said that once competent counsel has been obtained, any request for a change in counsel must be balanced against the public's interest in the prompt dispensation of justice.[9] The right to counsel may not be manipulated or subverted to obstruct the orderly procedures of the court or to interfere with the fair, efficient, and effective administration of justice, particularly when a change of counsel is made on the eve of trial, primarily for the purpose of delay, and without making any effort to obtain substitute counsel.[10] In each situation the court must look at the particular circumstances of the case at bar, and the issue must be decided on a case-by-case basis.[11] Factors to be considered by the circuit court include whether there was adequate opportunity for the defendant to employ counsel; whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether the motion for continuance was timely filed; whether the defendant contributed to the circumstances giving rise to the request for a continuance; whether the reason for the discharge for existing counsel was

---

[9]*Haskins v. State*, 2013 Ark. App. 613.

[10]*Id.*

[11]*Id.*

solely for the purpose of obtaining a continuance; and whether the request was consistent with the fair, efficient, and effective administration of justice.[12]

This case had been pending for over a year, yet appellant waited until the day of trial to request a continuance to obtain new counsel. Appellant stated that although he was declared indigent and appointed counsel, he in fact has had the funds to hire a private attorney. He further stated that he had not yet retained new counsel but informed the court that if he could make a telephone call, he could get an attorney there. Appellant stated that he was prevented from hiring counsel because of "lack of communication" based on the correctional facility's restricting his telephone and mail access due to disciplinary issues, and he was now "forced to trial without counsel of his own choosing." While appellant stated, "I've been having these funds," he failed to obtain or even identify any other attorney he wanted to represent him and waited until the day of trial to move for continuance. On these facts, we hold that the circuit court's denial of appellant's motion for continuance based on its finding that he did not exercise due diligence in obtaining new counsel was not an abuse of discretion.[13] Furthermore, even if appellant demonstrated that the circuit court abused its discretion in denying his continuance request, he failed to allege particular facts showing prejudice that resulted in a denial of justice.[14] The denial of a motion for continuance will not be overturned absent a showing of prejudice.[15]

---

[12]*Id.*

[13]*See Davis v. State*, 2019 Ark. App. 502, 588 S.W.3d 790.

[14]*See Green v. State*, 2012 Ark. 19, 386 S.W.3d 413.

[15]*Hill v. State*, 2015 Ark. App. 700, 478 S.W.3d 225.

For the reasons stated herein, we affirm the circuit court's denial of appellant's motion to dismiss and appellant's motion for continuance.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.