Cite as 2026 Ark. App. 47

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-25-116

| | | |
|---|---|---|
| MICHAEL DENHAM | | Opinion Delivered January 28, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | | [NO. 60CR-23-4517] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Michael Denham appeals his conviction by the Pulaski County Circuit Court for misdemeanor theft of property. Denham argues that there was insufficient evidence to support his conviction; specifically, that the State did not provide sufficient evidence to show that he exercised "unauthorized control" over the vehicle. Denham further argues that the circuit court abused its discretion when it denied his motion for continuance. We affirm.

I. *Background*

On September 15, 2023, Michael Denham was arrested on a charge of theft of property. On July 11, 2024, Denham waived his right to a jury trial and proceeded to a bench trial. At trial, Lois Clark, a seventy-eight-year-old woman, testified that she loaned Denham her 2004 Honda in 2022 because he and his wife had been "down on their luck." She also

gave him a lawnmower and a weedeater. During this period, Clark had undergone three or four different surgeries and was heavily medicated. When she got back on her feet, she requested that Denham return her vehicle, but Denham refused. Specifically, Clark testified that Denham stated he could not return the vehicle because he did not have gas money. Denham told Clark that if she sent him some gas money, he would bring it back. She conceded that Denham sent her two or three "little $25 checks" but that she never told him she was selling him the vehicle.

Clark further testified that from 2022 to 2023, she was trying to get car back from Denham without involving police. However, in 2023, Denham became belligerent and told Clark that "he hoped [she] died and rot[ted] in hell." Clark testified that at this point, she sought police involvement. On the same day she reported her car stolen, she received notice from the revenue office that Denham was attempting to obtain a duplicate title to the vehicle without her authorization. Eventually, the vehicle ended up at the "pound," and Clark was able to have it returned to her for $500. When she received the vehicle back, the catalytic converter had been removed, and the window was "busted." On cross-examination, Denham acknowledged that he had at least three prior convictions for theft.

At the conclusion of the testimony, the circuit court first held that the State had failed to provide sufficient evidence of the value of the vehicle and amended the charge to a misdemeanor. The circuit court then found Denham guilty of the amended theft-of-property charge and sentenced him to twelve months' suspended imposition of sentence. This appeal follows.

## II. *Sufficiency*

A person commits theft of property if he knowingly takes or exercises unauthorized control over the property of another person with the purpose of depriving the owner of the property. Ark. Code Ann. § 5-36-103(a)(1) (Supp. 2025). "Exercises unauthorized control" occurs when a bailee lawfully takes control of the property but subsequently appropriates it to his own use. *Wessels v. State*, 2020 Ark. App. 64, at 4, 593 S.W.3d 516, 518–19.

When the sufficiency of the evidence is challenged on appeal from a criminal conviction, we consider only that proof that supports the conviction and view that evidence and all reasonable inferences deducible therefrom in the light most favorable to the State. *Davis v. State*, 2015 Ark. App. 234, 459 S.W.3d 821. We will affirm if the finding of guilt is supported by substantial evidence. *Id.* Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other without resorting to speculation or conjecture. *Hicks v. State*, 2012 Ark. App. 667.

Denham argues that the State failed to prove that he exercised "unauthorized control" of the property of another as required pursuant to the theft-of-property statute. He asserts that he had an agreement to purchase the vehicle from Clark and, accordingly, could not have exercised unauthorized control over the vehicle. Rather, Denham argues, this case presents an issue of contract law. Specifically, Denham alleges that there is a reasonable doubt as to who owned the vehicle.

The evidence presented at trial, viewed in the light most favorable to the State, constitutes substantial evidence to support Denham's conviction for theft of property. Clark

3

testified that she allowed Denham to borrow her vehicle; that she received payment from Denham in exchange for *borrowing* the vehicle; and that she never told Denham that she was selling him the vehicle. Moreover, throughout this entire period, the title to the vehicle stayed in Clark's name. Denham cross-examined Clark and elicited testimony that Clark received $300 from Denham's pastor for the car. Clark testified that this money was in return for borrowing the car. Denham alleges that this money was to purchase the vehicle.

Denham's argument is a request that this court reweigh the evidence before the circuit court. We have routinely held that the credibility of witnesses is an issue for the fact-finder, who is free to believe all or part of any witness's testimony and resolve questions of conflicting testimony and inconsistent evidence. *Rogers v. State*, 2025 Ark. App. 192, at 5–6, 709 S.W.3d 59, 62–63. We will not reweigh the testimony or credibility of witnesses on appeal. *Id.* Accordingly, substantial evidence supports Denham's theft-of-property conviction.

### III. *Continuance*

We review a denial of a motion for continuance under an abuse-of-discretion standard, and an appellant must demonstrate that the circuit court's abuse of its discretion resulted in prejudice amounting to a denial of justice. *Creed v. State*, 372 Ark. 221, 273 S.W.3d 494 (2008). Arkansas Rule of Criminal Procedure 27.3 provides that a court shall grant a continuance "only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case."

In deciding whether to grant a continuance to secure a witness, other factors a circuit court should take into consideration include (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove but also that the appellant believes them to be true. *Creed*, 372 Ark. at 223, 273 S.W.3d at 497; *Brooks v. State*, 2019 Ark. App. 592, at 3–4, 591 S.W.3d 389, 391–92.

The record does not show that Denham was diligent in obtaining the witness for trial. The day of trial, Denham's counsel moved to continue the trial because a necessary witness was not present. There is no other motion for a continuance in the record. Denham does not allege that he subpoenaed this witness, nor does this witness appear in any filed witness list. In fact, in counsel's oral motion for a continuance, counsel fails to name the missing witness but rather asserts that the individual is from West Memphis, is a pastor, and "kind of mediated part of this arrangement, and sent money to the victim in this case as payment for the car."[1] In counsel's motion to continue, counsel admitted that the fault was "on" her and that she was unable to fully prepare for this trial because she had so many cases set for trial.

---

[1]Later in the trial, the witness appears to be identified as "Pastor Dale of Missouri Street Church of Christ in West Memphis."

Denham did not file an affidavit, nor did he proffer the witness's testimony. Moreover, without any identifying information, it is impossible to know the likelihood of procuring the witness if a continuance were granted. Accordingly, Denham has failed to demonstrate that the circuit court's denial of his motion was an abuse of discretion.

IV. *Conclusion*

For the reasons provided, we find that there is sufficient evidence to support Denham's conviction for misdemeanor theft of property and that the circuit court did not abuse its discretion by denying his request for a continuance on the day of trial.

Affirmed.

GLADWIN and BARRETT, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

6