BRANDON J. HARRISON, Judge
In July 2017, a law-enforcement officer working for the Arkansas Game and Fish Commission stopped Alvin Boykin and his companions on a privately leased property called the Gar Hole in Ashley County. The officer discovered a vial of methamphetamine in the front pocket of Boykin's shirt. The State charged Boykin with possession of less than two grams of methamphetamine and possession of drug paraphernalia. In May 2018, the Ashley County Circuit Court found him guilty of possession of methamphetamine, but Boykin was acquitted of possession of drug paraphernalia.
On appeal, Boykin challenges the sufficiency of the evidence supporting the court's finding of guilt. He contends that the State did not prove that he constructively possessed methamphetamine.
Our supreme court has stated the legal principles governing possession of a controlled substance. Possession may be actual or constructive. Pokatilov v. State , 2017 Ark. 264, at 3, 526 S.W.3d 849, 853. Actual possession is marked by direct physical control of the drugs. Id. Constructive possession exists if the defendant knew of the drug's presence and had control over it. Lambert v. State , 2017 Ark. 31, at 3, 509 S.W.3d 637, 640.
We hold that substantial evidence of constructive possession exists in this case. When the arresting officer arrived at the scene, Boykin was wearing cowboy boots, jeans, a tee shirt, and a maroon-colored Western shirt with long sleeves. Boykin told the officer that he had bag of marijuana in his right front pants pocket. Immediately before the arrest, Boykin took off the maroon Western-style shirt and draped it over a folding chair. Ms. McDaniels, one of Boykin's companions, was seated on the ground approximately five or six feet away in handcuffs. After the arrests, law-enforcement officers searched the immediate area and the arrestees' personal belongings. A vial of what the State proved to be methamphetamine was found in the front left pocket of the maroon Western shirt. The arresting *317 officer also found used drug syringes in the sand in the immediate vicinity of Boykin's arrest. Boykin denied knowing that the vial was inside the pocket of his shirt. He claimed that another female companion had placed the drug vial in the Western shirt and that she had been wearing the shirt previously to prevent mosquito bites.
A fact-finder reasonably could have concluded from this evidence that Boykin had knowledge of, and control over, the methamphetamine vial and therefore constructively possessed it. Champlin v. State , 98 Ark. App. 305, 310, 254 S.W.3d 780, 785 (2007) (affirming constructive possession of a controlled substance; fact-finder not required to believe defendant's version of events when he is the person most interested in the outcome of the trial). Therefore, we affirm Boykin's conviction.
Affirmed.
Abramson and Murphy, JJ., agree.