

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-16-734

| | |
|---|---|
| CHRISTOPHER EDDIE LEE BREWER<br>APPELLANT | Opinion Delivered May 24, 2017 |
| | APPEAL FROM THE ARKANSAS<br>COUNTY CIRCUIT COURT,<br>NORTHERN DISTRICT<br>[NO. 01CR-15-131] |
| V. | |
| | HONORABLE DAVID G. HENRY,<br>JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Christopher Brewer was convicted following a bench trial in the Arkansas County Circuit Court of one count of commercial burglary, one count of theft of property, one count of possession of drug paraphernalia with intent to manufacture methamphetamine, five counts of theft by receiving, and one count of possession of firearms by certain persons. He was sentenced to an aggregate thirty-five years in the Arkansas Department of Correction. His sole argument on appeal is that the circuit court erroneously deprived him of his right to counsel of his choosing. For the reasons set forth below, we disagree and affirm.

After the criminal information had been filed in this case, the circuit court entered an order on October 6, 2015, appointing public defender Dennis Molock to represent Brewer. Trial was then scheduled for December 17, 2015. A week before the trial date, Molock filed

a motion for continuance in which he asserted that he had developed a conflict with the case and intended to assign the matter to another public defender. As a consequence, Molock asked that the matter be removed from the December 17 trial docket and set for a jury trial at a later date. The court approved the motion, and the case was assigned to public defender Tim Blair. On March 10, 2016, Brewer appeared in court with Blair and asked to waive a jury trial. The court granted the request and reset the case for a bench trial on May 3, 2016.

On the morning that the case was set for trial, the following exchange occurred between Brewer's attorney and the court:

> COURT: [I]s the defense ready, Mr. Blair?
>
> BLAIR: Judge, we're ready to go forward. Mr. Brewer has for—asked me to ask the court—he's asking for time to hire a private attorney. He tells me he's had an opportunity to either—he's come into some money at this point and would like to do that.
>
> COURT: That request will be denied. This case has been set now for—well, it was set for March 10th for jury trial and the defendant waived jury trial, and the case is now set to be tried this morning as a bench trial. The case has been set for almost two months now, and I'm going to deny any request for any further delay.

Blair then advised the court that Brewer wished to "undo" his waiver of his jury-trial right and proceed to trial with a jury. The circuit court likewise denied that request, stating as follows:

> Mr.—Mr. Brewer, based on your motions that have been made today—one to retain private counsel, and one to withdrawal [sic] your waiver of jury trial—I believe that by your actions you are gaming the system and I'm not going to allow that. To grant your motion today would be—would be to cause an inconvenience to the court, to the witnesses who have been subpoenaed, and to the administration of justice. Your motion is denied.

The case proceeded to trial, and the circuit court convicted Brewer of the offenses set forth above.

Brewer argues on appeal that the circuit court's ruling violated his Sixth Amendment right to counsel of his choice. Brewer's right to counsel of choice is constitutionally guaranteed, but the right to counsel of one's choosing is not absolute. A defendant may not use his or her right to counsel to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Thomas v. State*, 2014 Ark. App. 492, at 7, 441 S.W.3d 918, 923 (citing *Bullock v. State*, 353 Ark. 577, 111 S.W.3d 380 (2003)).

Here, Brewer had been appointed counsel, and there is nothing in the record to indicate that he questioned the competency of his counsel. Instead, on the day of his bench trial, he requested a change of counsel. When this occurred, it became the duty of the trial court to look at the particular circumstances of his request by analyzing certain factors. Factors to be considered by a circuit court in determining whether to grant a continuance for the purpose of obtaining new counsel include whether there was adequate opportunity for the defendant to employ counsel; whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether the motion for a continuance was timely filed; whether the defendant contributed to the circumstances giving rise to the request for a continuance; whether the reason for the discharge of existing counsel was solely for the purpose of obtaining a continuance; and whether the request was consistent with the fair, efficient, and effective administration of justice. *Haskins v. State*, 2013 Ark. App. 613.

Brewer argues on appeal that the circuit court failed to consider and weigh the pertinent factors. We disagree. It is apparent from the colloquy set out above that the circuit court considered Brewer's last-minute request to hire a new attorney and weighed it, along with his last-minute request to undo his jury-trial waiver, against the practical demands of the court's docket. The court expressly considered Brewer's motivation for seeking the continuance, finding it obvious that, by making these day-of-trial demands, he was "gaming the system." Brewer did not provide the court with any compelling reasons to counteract the court's determination that Brewer was seeking a delay for the sake of delay. Here, the only reason asserted for the change of counsel was that Brewer "had come into some money." He did not identify any other attorney whom he wanted to represent him. He was not diligent in seeking new counsel, only asking for the delay on the morning of trial. Moreover, as noted above, Brewer had already obtained at least two prior continuances. The circuit court balanced these factors against the "fair, efficient, and effective administration of justice," *see Thorne v. State*, 265 Ark. 556, 561, 601 S.W.2d 886, 889 (1980), and concluded that the continuance was not warranted.

The circuit court retains broad discretion to grant or deny a continuance for purposes of obtaining new counsel. *Liggins v. State*, 2015 Ark. App. 321, at 5, 463 S.W.3d 331, 335. As the Supreme Court has noted, trial courts "necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983). Even when Sixth

Amendment rights are at stake, a court can legitimately balance the right to counsel of choice against the demands of its calendar and make scheduling and other decisions that effectively exclude chosen counsel. *Liggins*, 2015 Ark. App. 321, at 5–6, 463 S.W.3d at 335. The key, however, is whether the court has indeed balanced those interests or instead has acted arbitrarily. *Id*. at 6, 463 S.W.3d at 335.

In this case, we cannot say that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Hopkins v. State*, 2017 Ark. App. 273 (defining abuse-of-discretion standard); *Owens v. State*, 2017 Ark. App. 109, ___ S.W.3d ___. We therefore affirm.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*Mylissa M. Blankenship*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.