COLLOTON, Circuit Judge. James Daniels, an Arkansas inmate serving a 65-year sentence for drug trafficking offenses, appeals an order of the district court[1] denying his application for a writ of habeas corpus. Daniels complains that the decision of the Arkansas courts upholding his conviction involved an unreasonable application of clearly established federal law concerning the right to counsel and an unreasonable determination of the facts of his case. We disagree and affirm the judgment of the district court. I. In 2011, Daniels was convicted in Arkansas state court of two drug trafficking offenses, and the Arkansas Court of Appeals affirmed. Daniels v. State, 2012 Ark. App. 9, at 6-7, 2012 WL 11276, at *8. Daniels sought post-conviction relief, but the trial court denied his petition, and the Arkansas Supreme Court affirmed. Daniels v. State, 2013 Ark. 208, at 2, 2013 WL 2149901, at *4. Daniels’s claim in this federal proceeding centers on an alleged violation of his Sixth Amendment right to counsel, so we recount the procedural history of his state criminal proceeding. After the State arrested and charged Daniels in August 2010, the Arkansas trial court appointed counsel for him as an indigent defendant. Daniels remained in custody due to a parole violation. A co-defendant, Justin Jones, was also detained when he was unable to post sufficient bond for pretrial release. Daniels and Jones were arraigned in October 2010. Jones was still unable to post bond, so the trial court decided to “fast track” the case and set it for trial on December 14, 2010. At the end of the hearing, Daniels asked the court’s permission to retain private counsel. The court acknowledged Daniels’s right to do so, but informed him that it would not grant a continuance to accommodate a new attorney. Two days later, Daniels’s parents consulted with a private attorney, but this attorney did not enter an appearance or work on Daniels’s case. The cbtirt held another pretrial hearing on November 15, Appointed counsel appeared for Daniels. The private attorney with whom Daniels’s parents had consulted was also present, but he informed the court that after talking to a friend in law enforcement about the case, he was unwilling to represent Daniels. Daniels’s, appointed counsel apparently had been-expecting private counsel to assume representation of Daniels, so she requested a continuance of the December 14 trial date. The court largely denied the.motion, explaining in part that the next available trial date was in February and that delay would unnecessarily prolong the pre-trial detention of co-defendant Jones. After discussion, the court rescheduled the trial for December 16, 2010. Six days before trial, appointed counsel again moved for a continuance so that Daniels would have time to hire a private attorney. The court summarily denied the motion. On the date of trial, counsel renewed the motion to continue, arguing that Daniels had not had ample time to find an attorney of his choosing. The court denied the motion, observing that the private attorney consulted by Daniels’s parents had never entered an appearance and stating that the court gave priority to cases where the defendants were in jail. The case then proceeded to trial with Daniels as the only defendant, and he was convicted on two drug trafficking charges. The court sentenced him to 65 years’ imprisonment. The record suggests that Jones gave a statement to the prosecution on the day before trial, but it does not show a plea agreement or otherwise explain why Jones was not tried with Daniels. Daniels appealed his conviction, arguing that the trial court’s refusal to grant a continuance denied him his Sixth Amendment right to counsel of choice. The Arkansas Court of Appeals affirmed. On the issue of right to counsel, the court- held “that the trial judge did not abuse his discretion and that Daniels failed to demonstrate prejudice amounting to a denial of justice.” Daniels, 2012 WL 11276, at *3. The court observed that Daniels “identified no new attorney he desired to retain, attempted to retain, or who was willing to be retained, in the month prior to trial.’’ Id. The court continued that Daniels was “represented at all times by a public defender whose qualifications were never questioned,- and the trial judge-made clear from the outset that no continuance would be granted on-the basis of-a change of attorneys.” Id. Daniels raised the denial' of a continuance again in a state post-conviction proceeding, but the trial court denied relief, and the Arkansas Supreme Court ruled that the court of appeals decision on direct appeal was law of the case. Daniels then petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254(d). A magistrate judge recommended granting the writ, but the district court rejected the recommendation and denied relief. The court concluded that the Arkansas Court of Appeals did not unreasonably apply clearly established federal law when it affirmed the trial court’s denial of Daniels’s motion for a continuance. II. To obtain relief under 28 U.S.C. § 2254(d), a petitioner must establish that the state court’s adjudication (1) “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” or (2) “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” Daniels contends the Arkansas Court of Appeals unreasonably applied clearly established law when, it rejected his right-to-counsel claim. He argues that he enjoyed a constitutional right to secure retained counsel of his choice and that the trial court violated his right by arbitrarily refusing to continue the trial. The phrase “clearly established law, as determined by the Supreme Court” in § 2254(d) “refers to the holdings, as opposed to the dicta, of [the] Court’s decisions as of the time of the relevant state-court'decision.” Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Applying that rule, there are two questions about whether Daniels has properly identified clearly established law in support of his claim for relief. First, Daniels relies on a statement in Morris v. Slappy, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), that “an unreasoning and arbitrary ‘insistence upon expeditiousness in the face of á justifiable request for delay1 violates the right to the assistance of counsel,” id. at 11-12, 103 S.Ct. 1610 (quoting Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)), but this language is arguably dicta. The holding of Slappy was that the trial court there did not violate the defendant’s right to counsel by denying a motion for continuance based on the substitution of appointed counsel six days before trial. Id. at 12, 103 S.Ct.-1610. Ungar, too, held that the denial of a continuance in that case did not violate the defendant’s constitutional rights. 376 U.S; at 591, 84 S.Ct. 841. Second, although an element of the Sixth Amendment right to counsel “is the right of a defendant who does not require appointed counsel to choose who will represent him,” United States v. Gonzalez-Lopez, 548 U.S. 140, 144, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), the State contends that no Supreme Court decision clearly establishes that an indigent defendant has a constitutional right to retain counsel of his choice with resources provided by a third party. We will ássume for the sake of analysis that Daniels enjoyed a constitutional right to choose counsel whom his parents could afford to retain, and that clearly established law precludes an arbitrary denial of a motion to continue that is designed to facilitate that choice of counsel. Even so, Daniels -cannot demonstrate that he is-entitled to relief; A' state-court decision, is “unreasonable”' within the meaning of § , 2254(d) only when it is “so lacking in justification that there [is] an error well understood and comprehended in existing , law beyond any possibility for fairminded disagreement.” Harrington v. Richter, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). The decision of the Arkansas courts was within the range of reasonableness. The Arkansas Court of Appeals held that “the trial judge did not abuse his discretion” in denying Daniels’s motion to continue the trial. A trial court has “wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar,” Gonzalez-Lopez, 548 U.S. at-152, 126 S.Ct. 2557 (citations omitted), and “broad discretion” over “matters of continuances.” Slappy, 461 U.S. at 11, 103 S.Ct. 1610. Here, when Daniels asked for continuances in November and December 2010, he did not identify-a-proposed counsel of choice who would be prepared to represent Daniels at trial on a proposed date. That the trial judge had declared earlier that he would not continue the trial based on the appearance of a ’ new attorney ’did not relieve Daniels of. the obligation to identify an attorney who would represent him with the proposed continuance. Trial judges must rule based on the circumstances presented, and it is not an act of futility, as the dissent suggests, for a defendant to make an adequate record in support of a constitutional claim. Without an identified counsel of choice and a proposed trial date, the benefits of a continuance were too speculative to show the denial of a clearly established right. Daniels complains that the state court unreasonably decided to “fast track” his case, but it was not unreasonable for the state courts to consider the fact that co-defendant Jones was detained as favoring a prompt trial date. A continuance from December 16 until February would have prolonged the detention of a party who was presumed innocent. When Jones apparently was severed from Daniels on the day of trial, a fairminded state court could conclude that the public’s interest in the efficient administration of justice supported the denial of a last-minute continuance, especially when Daniels had not identified a different attorney to represent him as retained counsel. See Urquhart v. Lockhart, 726 F.2d 1316, 1319 (8th Cir. 1984). Daniels cites other remarks of the trial court' about his appointed attorney’s qualifications, the strength of the evidence, and the simplicity of the case to support his assertion that the state courts unreasonably applied clearly established law. Daniels did not raise these grounds for relief in his direct appeal, so it is doubtful that he fairly presented these factual premises of his claim to the appropriate state court as required. See Flieger v. Delo, 16 F.3d 878, 884 (8th Cir. 1994); McKinnon v. Lockhart, 921 F.2d 830, 832 & n.2 (8th Cir. 1990). In any event, the state courts reasonably could conclude that the cited factors were appropriate considerations in assessing whether a continuance was necessary to allow either Daniels’s appointed attorney or a newly-retained attorney time to prepare for trial. Daniels argues that the state court unreasonably applied clearly established law when it relied on the absence of prejudice in upholding the denial of Daniels’s motion for continuance. In Gonzalez-Lopez, the Court ruled that “[wjhere the right to be assisted by counsel of one’s choice is wrongly denied,... it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation.” 548 U.S. at 148, 126 S.Ct. 2557. There is some tension between that decision and the alternative holding of the Arkansas Court of Appeals “that Daniels failed to demonstrate prejudice amounting to a denial of justice.” Daniels, 2012 WL 11276, at *3. But the potential conflict between the state court’s reasoning and Gonzalez-Lopez does not warrant relief. The state court ruled independently that the trial judge “did not abuse his discretion” in denying a continuance, so an asserted absence of prejudice was not necessary to the decision. The dissent mistakenly asserts that the Arkansas Court of Appeals “started its analysis with an erroneous statement of the law: that the likelihood of prejudice was a component of the abuse of discretion inquiry.” Post, at 614. The Arkansas court, rather, referred to distinct inquiries concerning abuse of discretion and prejudice: “Whether to grant a continuance is left to the sound discretion of the trial court that will not be overturned in the absence of an abuse of discretion resulting in prejudice that amounts to a denial of justice. Price v. State, 2009 Ark.App. 664, 344 S.W.3d 678.” Daniels, 2012 WL 11276, at *2 (emphasis added). The court’s citation makes clear that it was engaged in separate inquires, for the Price court explained that “[a]n appellant must not only demonstrate that the trial court abused its discretion by denying the motion for continuance, but also show prejudice that amounts to a denial of justice.” 344 S.W.3d at 683 (emphasis added). Daniels contends alternatively that the state court’s decision was based on an unreasonable determination of the facts. Yet Daniels does not identify factual errors in the decision of the state court. His argument is that the state court ignored certain facts in its legal analysis and relied on other facts that were insufficient to justify the court’s legal conclusion. This contention is simply another way of urging that the state court unreasonably applied an established legal principle to the facts of Daniels’s case. See Williams, 529 U.S. at 413, 120 S.Ct. 1495. For the reasons discussed, we conclude that the state court did not unreasonably apply clearly established law. The judgment of the district court is affirmed. . The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.