Cite as 2019 Ark. App. 531

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–18–649

| | |
|---|---|
| TYLER ANTONIO KING<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** November 13, 2019<br><br>APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, OSCEOLA DISTRICT<br>[NOS. 47OCR–10–162 & 47OCR–14–86]<br><br>HONORABLE RALPH WILSON, JR., JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

The Mississippi County Circuit Court revoked appellant Tyler Antonio King's suspended sentences in case numbers 47OCR–10–162 and 47OCR–14–86 and sentenced him to an aggregate term of forty years in the Arkansas Department of Correction. King argues that the trial court violated his Sixth Amendment right to counsel of his choice. We affirm.

In both cases, the trial court entered an order finding that King had been adjudicated indigent on April 27, 2018, and that a public defender had been appointed to represent him. Before the revocation hearing began on May 11, the following colloquy occurred:

THE COURT: The next case is State of Arkansas versus Tyler King. Case number CR 2010-162 and CR 2014-86. Are you Tyler King?

MR. KING: Yes, sir.

THE COURT:   Mr. King, how old are you?

MR. KING:   24.

THE COURT:   Are you represented by the public defender, Dustin Jones?

MR. KING:   I needed another public defender, Sir.

THE COURT:   Why is that?

MR. KING:   'Cause he's not representing me right.

THE COURT:   In what way?

MR. KING:   In every way.

THE COURT:   Well, that's pretty broad. Tell me specifically.

MR. KING:   I mean, he's not working with me.

THE COURT:   Mr. Jones, you're present[.] What—do you know what he's referring to?

MR. JONES:   I have made the—I have relayed the State's offer and he wants me to negotiate further with the State.

THE COURT:   Okay. So you have conveyed the offer made by the State?

MR. JONES:   Yes.

THE COURT:   Mr. King, that's Mr. Jones's responsibility. He's the messenger. He's just telling you what the State's recommendation is. His obligation under law is to tell you what their recommendation is and then you decide—you have the sole decision whether to accept that or not. Although, your defense counsel can advise you of whether or not you should accept that plea offer; however, the final decision, whether to accept it, is yours and yours alone; do you understand that?

MR. KING:    I don't—I don't—I don't know what you just said, Sir.

THE COURT:   Well, I'm not going to say it again. I speak pretty good English, I think. Are you ready for the Revocation Hearing? Is the State ready to proceed?

2

MS. DEAN:     Yes, sir.

THE COURT:    Is the Defense ready to proceed?

MR. JONES:    Subject to the fact that I think he wants to obtain other counsel.

THE COURT:    That'll be denied.

MS. DEAN:     I believe he's already gotten rid of one attorney and then assigned another public defender.

MR. JONES:    I wouldn't [sic] note on the-that on some of these revocations, both of them actually I believe, Ray Nickle was appearing at one period of time. The last time they amended the Petition[,] the Public Defender's office was appointed, is all.

. . . .

MR. JONES:    We're ready to proceed subject to our prior motions to continue for the purpose of allowing counsel or him to obtain counsel or to obtain notice to Ray Nickle of the proceedings.

THE COURT:    Okay. The Court's going to deny that. All right.

## I. *Right to Counsel*

A defendant's right to counsel of choice is grounded in the Sixth Amendment to the United States Constitution and is also guaranteed by article 2, section 10 of the Arkansas Constitution. While constitutionally guaranteed, the right to counsel of one's choosing is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Bullock v. State*, 353 Ark. 577, 111 S.W.3d 380 (2003). Moreover, once competent counsel is obtained, any request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice. *Id*. Additionally, once a defendant has accepted representation by an attorney, the fact that the defendant is dissatisfied with counsel's efforts does not entitle him

3

to appointment of a different attorney. *Id*. In fact, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).

Factors to be considered by the trial court in determining whether to grant a continuance for the purpose of obtaining new counsel include whether there was adequate opportunity for the defendant to employ counsel; whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether the motion for a continuance was timely filed; whether the defendant contributed to the circumstances giving rise to the request for a continuance; whether the reason for the discharge of existing counsel was solely for the purpose of obtaining a continuance; and whether the request was consistent with the fair, efficient, and effective administration of justice. *Brewer v. State*, 2017 Ark. App. 335, 525 S.W.3d 24. In each situation, the trial court must look at the particular circumstances of the case at bar, and the issue must be decided on a case-by-case basis. *Liggins v. State*, 2015 Ark. App. 321, 463 S.W.3d 331.

## II.  *Standard of Review*

The trial court retains broad discretion to grant or deny a continuance for purposes of obtaining new counsel. *Arroyo v. State*, 2013 Ark. 244, 428 S.W.3d 464. Abuse of discretion is a high threshold that does not simply require error in the trial court's decision but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Hopkins v. State*, 2017 Ark. App. 273, 522 S.W.3d 142. The United States Supreme Court has stated that "only an unreasoning and arbitrary 'insistence upon

4

expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

## III. *Discussion*

King argues that the trial court failed to make the proper inquiry into his request for new counsel, failed to properly consider the various factors necessary to make such a decision, and failed to balance his choice of counsel against the needs of fairness and the demands of the court's calendar. King asserts that, while his request was clearly being made immediately before the hearing was set to begin, "there is no record made by the court as to the timeliness of appellant's request." He further says, "More importantly, there is no record made regarding appellant's access to communicate that request prior to the day of the hearing." King states that the trial court inquired only into his complaint with respect to his current counsel. King states, "Presumably, appellant declined the State's offer and wished to make a counteroffer. While it is possible that trial counsel relayed appellant's counteroffer to the State, the record does not so indicate. If in fact trial counsel refused to convey a counteroffer by appellant, then appellant's concern and request were justified."

King's stated reasons for requesting different counsel were that his current counsel was "not representing [him] right" and was not working with him. Counsel further elaborated that King was not happy with the State's plea offer and wanted him to negotiate further. King's request to change counsel was made just before his revocation hearing was set to begin; King did not offer compelling reasons for wanting the change of counsel; and King did not identify any substitute counsel, including attorney Ray Nickle, who was

mentioned by both the prosecutor and defense counsel. The trial court could have determined that King's request was not timely made and was not based on legitimate concerns—despite appellate counsel's speculation—such that a further inquiry was not necessary. King was simply dissatisfied with counsel's efforts at negotiating with the State; he did not allege that counsel was incompetent. The case law does not require that the trial court consider every factor when determining whether to grant a continuance for the purpose of obtaining new counsel and does not require the trial court to make any findings on those factors. In any event, the right to *choice* of counsel does not apply here because King wanted a different public defender appointed to represent him. *Gonzalez-Lopez*, *supra*.

Citing *Arroyo*, *supra*, and *Thorne v. State*, 269 Ark. 556, 601 S.W.2d 886 (1980), King asserts that our supreme court requires an inquiry that was not made here. These cases are distinguishable. In *Arroyo*, Arroyo was represented by counsel, but on the day before the trial was set to begin, newly retained counsel entered an appearance and sought a continuance so he could prepare. The trial court declined to hear new counsel's argument for a continuance and ordered previous counsel, whose representation Arroyo did not want, to represent him at trial. The supreme court reversed and remanded because the trial court failed to conduct *any* inquiry into Arroyo's request for new counsel and seemed to view any delay in the proceedings as unacceptable. Here, King was represented by the public defender, and he wanted the trial court to appoint a different public defender.

In *Thorne*, Thorne was appointed a public defender after his retained counsel had been forced to withdraw. Thorne filed a motion for a continuance sixteen days before trial on the basis that he had just learned of the public defender's conflict of interest and wished

to retain independent counsel or proceed pro se, which would require time for him to prepare. Thorne asked the trial court to reset his case for its original trial date—it had been pushed because Thorne raised the affirmative defense of mental defect or disease. Independent counsel was identified but, because financial arrangements had not been made, the trial court granted the portion of Thorne's motion requesting that the public defender be relieved and denied his motion for a continuance, meaning that Thorne was forced to proceed pro se and unprepared. Here, King said nothing about hiring independent counsel or representing himself; he moved for a continuance on the day of his hearing; and the public defender was not relieved and went on to represent him.

Under these circumstances, we cannot say that the trial court abused its discretion in denying King's motion for a continuance for the purpose of having a different public defender appointed to represent him.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Chris R. Warthen*, Ass't Att'y Gen., for appellee.