Cite as 2021 Ark. App. 331

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR-21-18

STEPHEN CHRISTOPHER RAINO

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

OPINION DELIVERED SEPTEMBER 15, 2021

APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-15-2]

HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE

AFFIRMED

## ROBERT J. GLADWIN, Judge

Stephen Christopher Raino appeals the revocation of his suspended sentence in the Ashley County Circuit Court, case number 02CR-15-2.[1] He argues that the circuit court abused its discretion in denying his Sixth Amendment right to counsel.

### I. *Facts*

On January 8, 2015, Raino was charged in case number 02CR-15-2 with possession of methamphetamine, possession of drug paraphernalia, fleeing, and second-degree criminal mischief. On June 1, Raino negotiated a guilty plea on these charges along with the charges under case number 02CR14-175 (possession of methamphetamine with intent to deliver, possession of a Schedule IV controlled substance with intent to deliver, and possession of paraphernalia to manufacture methamphetamine) and case number 02CR15-25 (two counts

---

[1]Raino also appeals his revocation in the Ashley County Circuit Court, 02CR-15-25, in a separate but identical appeal in the Arkansas Court of Appeals, CR-21-19.

of delivery of a Schedule III controlled substance). On November 17, he was sentenced aggregately to 240 months' imprisonment in the Arkansas Department of Correction with an additional sentence of 120 months suspended on conditions including that he not commit any felony, misdemeanor, or other criminal offense punishable by jail confinement or prison.[2]

On June 30, 2020, the State filed a petition to revoke in case number 02CR-15-2, alleging that Raino had violated the conditions of his suspended sentence by committing new felony offenses: possession of methamphetamine with purpose to deliver; two counts of possession of drug paraphernalia, Class B and D felonies; maintaining a drug premises; and possession of marijuana. On July 13, Raino was appointed a public defender.

On September 18, Raino filed a pro se motion for "Ineffective Assist[ance] of Counsel," asking that he be granted new representation. He alleged that his appointed counsel had stated that he was not obligated to "make my legal requests," that his counsel had not attempted to file any motions, and that his appointed counsel was acting in complicity with the prosecuting attorney in violation of his Sixth and Fourteenth Amendment rights.

---

[2]The full extent of the second amended sentencing order filed November 17, 2015, in case number 02CR-15-2, concurrently sentences Raino to twenty-four months' imprisonment for possession of methamphetamine; 240 months' imprisonment and 120 months' suspended imposition of sentence for possession of paraphernalia to manufacture methamphetamine; twenty-four months' imprisonment and 120 months' suspended imposition of sentence for fleeing; twenty-four months' imprisonment and 120 months' suspended imposition of sentence for criminal mischief.

A revocation hearing was held on September 28.[3] Raino's appointed counsel moved to dismiss the petition filed in case number 02CR-14-175, and the State agreed that Raino's probation could not be revoked in that case. The circuit court granted the motion and proceeded on the pending revocation petitions. The following colloquy occurred:

| | |
|---|---|
| PUBLIC DEFENDER: | Mr. Raino wants to address the Court before we start on the hearing. |
| PROSECUTOR: | Your Honor, I don't think that's appropriate. |
| THE COURT: | I'm going to - - Why does he? |
| PUBLIC DEFENDER: | He's asking that I be removed as his attorney, Your Honor. |
| DEFENDANT RAINO: | (Unintelligible), Your Honor - - He violated my Sixth and Fourth constitutional rights. |
| PROSECUTOR: | Well, he's not your - - He can't violate your rights. |
| THE COURT: | Wait, wait, wait, I'm going to - - Let me listen to him – |
| COURT REPORTER: | Can he come up to the podium so I can hear him better. I'm having a hard time - - |
| DEFENDANT RAINO: | (Inaudible). |
| THE COURT: | You have to listen to me. You have to get to the podium. I'm going to give you - - Make it short and sweet. |
| DEFENDANT RAINO: | The case, the revo case, CR14-175 that's being dismissed, I actually had that submitted to - - I filed a grievance on Mr. Frank Spain (prosecutor) and started a claim and grievance procedure, so it's actually a conflict of interest for him to represent the State of Arkansas against me. |

[3]The revocation hearing included the State's revocation petitions filed in all three cases—Nos. 02CR-14-175, 02CR-15-2, and 02CR-15-25.

3

| | |
|---|---|
| THE COURT: | It's not. Why do you want to discharge Mr. Mazzanti (public defender)? |
| DEFENDANT RAINO: | Well, I'm the one that initiated the process of saying that CR14-175 would – – I was illegally sentenced. |
| THE COURT: | It doesn't matter. It's been taken care of, so that's been fixed. |
| PROSECUTOR: | (Talking over) illegally sentenced. I should not have filed a revocation petition on – – |
| THE COURT: | Okay. That's fine. It doesn't matter. The case is not before me anymore. It's been – – The revocation has been dismissed. Now, I don't know – – I've got – – |
| TRIAL COURT ASSISTANT: | You've got two other revocations and an omnibus. He filed a motion in each case. |
| THE COURT: | I've got three cases here now? |
| TRIAL COURT ASSISTANT: | Yes. |
| THE COURT: | The new one is 161, and then the 2015-2, 2015-25. Let me give the 175 back. All right, anything else? |
| DEFENDANT RAINO: | I still have a grievance in process actually right now, Your Honor, with the gentlemen – – with me and Mr. Frank Spain – – on the other two revocations, too. |
| THE COURT: | Well, I'm not going to listen to those now. There's nothing inappropriate about Mr. Spain representing the State, so y'all have a seat over there. Let's proceed. |
| DEFENDANT RAINO: | Yes, sir. |

Thereafter, Ted Huntsman, narcotics investigator for the Ashley County Sheriff's Department, testified that on June 12, 2020, he went to an address in Crossett where he found Raino residing with Mahogany Mooney. Both Raino and Mooney were on

4

probation, and Raino was arrested after methamphetamine, marijuana, and drug paraphernalia were found in the house. Huntsman testified that on the way to the sheriff's office, Raino told him that he had some more methamphetamine on his person, and a little over twenty-three grams of methamphetamine was recovered from Raino's pants. Huntsman said that Mooney accepted responsibility for all the drugs and contraband found in the house and that she came back after her release and claimed that the methamphetamine found on Raino was hers too.

Mooney testified that she had pled guilty to the charges against her, that Raino is the father of her child, and that the controlled substances found in the house were hers. She said, "Everything was mine." She said that when the police officers were at her door, she asked Raino to hold her stuff, and he agreed to hide it for her.

The circuit court found by a preponderance of the evidence that Raino had violated the conditions of his probation by possessing illegal drugs. Raino was sentenced consecutively under the revocation cases for an aggregate term of forty years' imprisonment. This appeal timely followed.

II. *Right to Counsel and Standard of Review*

We review a circuit court's denial of a motion to relieve counsel for an abuse of discretion. *Bullock v. State*, 353 Ark. 577, 111 S.W.3d 380 (2003). This court recently stated,

> A defendant's right to counsel of choice is grounded in the Sixth Amendment to the United States Constitution and is also guaranteed by article 2, section 10 of the Arkansas Constitution. While constitutionally guaranteed, the right to counsel of one's choosing is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Bullock v. State*, 353 Ark. 577, 111 S.W.3d 380 (2003). Moreover, once competent

5

counsel is obtained, any request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice. *Id.* Additionally, once a defendant has accepted representation by an attorney, the fact that the defendant is dissatisfied with counsel's efforts does not entitle him to appointment of a different attorney. *Id.* In fact, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).

Factors to be considered by the trial court in determining whether to grant a continuance for the purpose of obtaining new counsel include whether there was adequate opportunity for the defendant to employ counsel; whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether the motion for a continuance was timely filed; whether the defendant contributed to the circumstances giving rise to the request for a continuance; whether the reason for the discharge of existing counsel was solely for the purpose of obtaining a continuance; and whether the request was consistent with the fair, efficient, and effective administration of justice. *Brewer v. State*, 2017 Ark. App. 335, 525 S.W.3d 24. In each situation, the trial court must look at the particular circumstances of the case at bar, and the issue must be decided on a case-by-case basis. *Liggins v. State*, 2015 Ark. App. 321, 463 S.W.3d 331.

*King v. State*, 2019 Ark. App. 531, at 3–4, 589 S.W.3d 420, 423. The refusal to grant a continuance in order for the defendant to change attorneys rests within the discretion of the circuit court, and the decision will not be overturned absent a showing of abuse of that discretion. *Staggs v. State*, 2021 Ark. App. 259, at 12 (citing *Cooper v. State*, 317 Ark. 485, 879 S.W.2d 405 (1994)).

### III. *Argument*

Raino argues that the circuit court abused its discretion in denying his Sixth Amendment right to counsel of his choice. He claims that the circuit court abused its discretion when it denied his motion to discharge counsel, *Thomas v. State*, 2014 Ark. App. 492, 441 S.W.3d 918, and that his request should have been accepted as a motion for continuance to allow time to replace counsel. *Smith v. State*, 2012 Ark. App. 613. He

6

contends that there would have been no disruption in the circuit court's docket because the revocation hearings could have been reset to be heard at a pretrial setting.

Raino distinguishes *Brewer v. State*, 2017 Ark. App. 335, 525 S.W.3d 24, wherein this court upheld the circuit court's denial of the defendant's request for a continuance for the purpose of obtaining new counsel. Raino claims that nothing in the record indicated that Brewer had questioned the competency of his appointed counsel. Conversely, Raino contends that he informed the court, pro se, that he had initiated the argument under case number 02CR-14-175, which was ultimately dismissed due to an illegal sentence. Accordingly, he claims that he had a strong case to question the abilities and efforts of his counsel.

Raino argues that when he raised the issue of a change of counsel, it became the court's duty to consider the factors as set forth in *King* and *Brewer*. *King*, *supra*; *Brewer*, 2017 Ark. App. 335, at 3, 525 S.W.3d at 26. Raino contends that because the circuit court's "sole consideration of [his] Sixth and Fourteenth Amendment rights to effective counsel of his choice was to have him come forward and 'make it short and sweet,'" the circuit court acted improvidently, thoughtlessly, or without due consideration. Therefore, Raino claims, the circuit court abused its discretion by failing to weigh the pertinent factors.

We hold that Raino was not deprived of his counsel of choice and that the circuit court did not abuse its discretion by not granting a continuance for Raino to obtain new counsel. A request for substitution of counsel may be treated as a motion for continuance because a change of attorneys close to trial may require the granting of a continuance. *See Butler v. State*, 339 Ark. 429, 432–33, 5 S.W.3d 466, 468 (1999) (citing *Leggins v. State*, 271

7

Ark. 616, 609 S.W.2d 76 (1980)). A circuit court's denial of a motion for continuance is reviewed for an abuse of discretion. *Staggs*, *supra*. Further, an appellant must demonstrate that the circuit court's abuse of discretion resulted in prejudice amounting to a denial of justice. *Brooks v. State*, 2019 Ark. App. 592, at 3, 591 S.W.3d 389, 391. Prejudice is not presumed. *Hendrix*, *supra*.

Once competent counsel has been obtained, any request for a change in counsel must be balanced against the public's interest in the prompt dispensation of justice. *Brooks*, 2019 Ark. App. 592, at 4, 591 S.W.3d at 392. The right to counsel may not be manipulated or subverted to obstruct the orderly procedures of the court or to interfere with the fair, efficient, and effective administration of justice, particularly when a change of counsel is made on the eve of trial, primarily for the purpose of delay, and without making any effort to obtain substitute counsel. *Id*. The issue must be decided on a case-by-case basis. *Id*.

The State raised "doubts" about whether Raino's counsel-of-choice argument is preserved for appellate review because Raino did not identify any counsel of his choosing to replace his public defender. However, the defendant's failure to identify substitute counsel in *King*, *supra*, did not prevent this court from addressing the issue on appeal. We held,

> King's stated reasons for requesting different counsel were that his current counsel was "not representing [him] right" and was not working with him. Counsel further elaborated that King was not happy with the State's plea offer and wanted him to negotiate further. King's request to change counsel was made just before his revocation hearing was set to begin; King did not offer compelling reasons for wanting the change of counsel; and King did not identify any substitute counsel, including attorney Ray Nickle, who was mentioned by both the prosecutor and defense counsel. The trial court could have determined that King's request was not timely made and was not based on legitimate concerns—despite appellate counsel's speculation—such that a further inquiry was not necessary. King was simply

8

dissatisfied with counsel's efforts at negotiating with the State; he did not allege that counsel was incompetent. The case law does not require that the trial court consider every factor when determining whether to grant a continuance for the purpose of obtaining new counsel and does not require the trial court to make any findings on those factors. In any event, the right to choice of counsel does not apply here because King wanted a different public defender appointed to represent him. *Gonzalez-Lopez*, [548 U.S. 140].

*King*, 2019 Ark. App. 531, at 6, 589 S.W.3d at 424.

As in *King*, failure to identify substitute counsel does not waive the choice-of-counsel argument. However, Raino's argument fails on the merits. Because Raino did not identify his counsel of choice, he "manifestly" was not deprived of that choice. *See, e.g.*, *Daniels v. Kelley*, 881 F.3d 607 (8th Cir. 2018). Also, without claiming that he could raise the funds to hire an attorney, Raino did not have the right to counsel of his choosing under *King*.

Further, the circuit court did not abuse its discretion when it held the revocation hearing without granting a continuance. *Staggs*, *supra*. Raino's reasons for wanting new counsel were expressed as dissatisfaction with counsel's representation, and Raino's primary complaint involved the prosecutor's proceeding with the case. Raino never identified new counsel, and he cannot demonstrate prejudice from the circuit court's refusal to continue the revocation hearing. *Brooks*, *supra*. Accordingly, we cannot say that the circuit court abused its discretion.

Affirmed.

MURPHY and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.