Cite as 2025 Ark. App. 577

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-25-27

| | | |
|---|---|---|
| WILLIAM MAYFIELD | | Opinion Delivered December 3, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR-22-98] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MARGARET DOBSON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**CASEY R. TUCKER, Judge**

William Mayfield appeals his conviction of possession of a firearm by certain persons for which he was sentenced to 216 months in the Arkansas Division of Correction.  On appeal, he argues that (1) there was insufficient evidence that he possessed the firearm in question; (2) the circuit court erred in denying his motion for a mistrial; and (3) the circuit court erred in denying his request to dismiss his counsel.  We affirm.

On August 25, 2022, Officer Stephen Williams of the Grant County Sheriff's Office responded to a report of a one-car motor vehicle accident.  When he arrived on the scene, he found Mayfield sitting in the driver's seat of a GMC Yukon, which had wrecked into trees at the edge of a wooded area.  Mayfield was the sole occupant of the vehicle.  Williams checked on Mayfield and waited with him for an ambulance to arrive.  Mayfield resisted the

emergency medical technicians' (EMTs') initial attempts to check his vital signs. The EMTs eventually were able to calm him down and pull him out of the car and onto a gurney. When Mayfield was pulled from the Yukon, Williams saw a handgun lying on the seat, where it would have been under or abutting Mayfield's right side.

Detective David Ponder of the Grant County Sheriff's Office was also on the scene of the accident. He described what he witnessed: "When [Mayfield] was pulled out of the vehicle there was a pistol observed in the driver's seat that he was sitting on top of."

The State charged Mayfield as a habitual offender with possession of a firearm by certain persons. He also was charged with simultaneous possession of drugs and firearms, possession of a controlled substance (methamphetamine), and possession of drug paraphernalia. The charge of possession of a firearm by certain persons was severed and tried separately.

Mayfield was represented by public defender Victoria Leigh. The speedy-trial time was tolled, and the trial ultimately was set for July 15, 2024. On July 10, Mayfield told the court, "Your Honor, I'm going to fire my attorney. I'm going to move trial counsel and I'd request a change of venue." The court denied the request to change the venue and inquired as to whether Mayfield had new counsel. Mayfield responded that he did not have new counsel and did not have the money to hire new counsel. The court then asked whether he intended to represent himself, to which Mayfield responded that he did not intend to represent himself, and he wanted the court to appoint him another attorney. The court refused, stating that he already had an excellent attorney in Leigh.

The case proceeded to trial on July 15. The jury returned a guilty verdict, and Mayfield was sentenced to 216 months in the Arkansas Division of Correction. Mayfield timely appealed.

I. *Sufficiency of the Evidence Supporting Possession of a Firearm*

Mayfield argues that there was insufficient evidence that he possessed the gun on which he appeared to be sitting. His reasoning is that this court should apply the joint-occupancy analysis because the State did not prove that he owned the car that he was driving. We disagree.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Speer v. State*, 2024 Ark. App. 473, 698 S.W.3d 683. Evidence is sufficient to support a conviction when it is supported by substantial evidence, meaning the evidence compels a conclusion one way or the other without forcing the trier of fact to resort to speculation or conjecture. *Railey v. State*, 2023 Ark. App. 433, 675 S.W.3d 912. On appeal, this court views the evidence in the light most favorable to the State and considers only that evidence that supports the conviction. *Id.*

When a defendant is the only occupant of a vehicle, "the State need only prove constructive possession of the contraband without including any inquiry into the elements for joint occupancy." *Cain v. State*, 2020 Ark. App. 465, at 8, 609 S.W.3d 680, 685. This rule applies whether the sole-occupant defendant is the owner, primary driver, or merely a borrower of the car. *Bens v. State*, 2020 Ark. App. 6, 593 S.W.3d 495. "Constructive possession is the control or right to control the contraband. Constructive possession may

3

be implied when the contraband is found in a place immediately and exclusively accessible to the accused and subject to his or her control." *Cain*, 2020 Ark. App. 465, at 8, 609 S.W.3d at 685 (citation omitted).

In the present case, Mayfield was the sole occupant of the Yukon, so it is irrelevant who owned the vehicle. We only consider whether the State met its burden of proving he constructively possessed the gun. The firearm in question was found lying in the open, on top of the seat in which Mayfield was sitting. It was on the right side of the seat near the location of the receiving end of the seatbelt buckle. It was either under Mayfield's right thigh or buttock, or it was directly beside him abutting his thigh. Since the gun was found immediately and exclusively accessible to Mayfield and subject to his control, he constructively possessed it.[1] Any argument to the contrary is without merit. The conclusion that Mayfield possessed a firearm is supported by substantial evidence.

## II. *Denial of Motion for Mistrial*

Mayfield argues that the circuit court erred in denying his motion for a mistrial when it informed the jury that the defendant was represented by the public defender. The State responds that Mayfield's argument is not preserved for appeal, and even if it is, it is without merit. We agree that Mayfield's argument is not preserved for appeal; thus, we decline to reach the merits.

---

[1]Indeed, it could be said that Mayfield actually possessed the gun without addressing constructive possession. "Actual possession is marked by direct physical control of the [contraband]." *Boykin v. State*, 2019 Ark. App. 47, at 2, 568 S.W.3d 315, 316.

4

At the beginning of the trial, before voir dire, the court introduced the trial participants to the jury venire. In doing so, the judge introduced the deputy prosecutor. The court then stated, "I have Victoria Leigh, who is our public defender, who is our attorney. She is here today representing the defendant." The court then introduced the case and proceeded with voir dire.

After voir dire was completed and the jury chosen, Mayfield's attorney stated that she was moving for a mistrial "on the basis of the jury hearing that Mr. Mayfield is availing himself of the Public Defender's Office," thus signaling to the jury that he was indigent. Mayfield's attorney argued that Mayfield was prejudiced by the jury learning that he was indigent, and combining the jury's knowledge of his indigency with the severity of the charge and his lack of parole options if convicted necessitated a mistrial.[2] The court denied the motion for a mistrial but offered to give a curative instruction, which defense counsel declined.

A motion for mistrial must be made at the first opportunity. *Cherry v. State*, 2024 Ark. App. 249, 688 S.W.3d 164. The reason for this is to give the court the opportunity to cure any perceived error before prejudice occurs. *Id.* In *McCoy v. State*, 2010 Ark. 373, 370 S.W.3d 241, the supreme court declined to reach the merits of the appellant's argument that the circuit court erred in denying his request for a mistrial on the basis that his argument was not preserved. The prosecutor made an arguably improper comment through

---

[2]If convicted, Mayfield would not be eligible for parole. *See* Ark. Code Ann. §§ 16-93-609(c) (Supp. 2025) and 5-73-103(c)(1) (Repl. 2024).

questioning during voir dire, and the appellant failed to move for a mistrial until the prosecutor asked the improper question multiple times. The supreme court stated that it had been "resolute in holding that a motion for mistrial must be made at the first opportunity." *Id.* at 13, 370 S.W.3d at 249. Because Mayfield's motion for mistrial was not made at the earliest opportunity, the denial of his motion is not preserved for appellate review.

## III. *Denial of Request for New Public Defender*

Mayfield's final argument is that the circuit court erred in denying him the opportunity to obtain new counsel, which would have entailed continuing the trial date. We disagree.

A defendant's request to change counsel when made on the eve of trial is treated as a motion for a continuance since the change of attorneys would require such. *Edwards v. State*, 321 Ark. 610, 906 S.W.2d 310 (1995). Although grounded in the Sixth Amendment to the United States Constitution and guaranteed by article 2, section 10 of the Arkansas Constitution, "the right to counsel of one's choosing is not absolute, and the circuit court retains broad discretion to grant or deny a continuance for purposes of obtaining new counsel." *Liggins v. State*, 2015 Ark. App. 321, at 5, 463 S.W.3d 331, 335; *see also Raino v. State*, 2021 Ark. App. 331. The court's decision to deny the continuance will not be overturned absent an abuse of discretion. *Id.* An abuse of discretion occurs if the circuit court acts "improvidently, thoughtlessly, or without due consideration." *Abernathy v. State*, 2024 Ark. App. 532, at 4, 699 S.W.3d 842, 845. Furthermore, "once competent counsel is

obtained, any request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice." *Raino*, 2021 Ark. App 331, at 6 (citing *King v. State*, 2019 Ark. App. 531, at 3–4, 589 S.W 3d 420, 423). "In fact, 'the right to counsel of choice does not extend to defendants who require counsel to be appointed for them.'" *Id*. (quoting *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006)). "When a defendant has not identified a counsel of his choice, he is not manifestly deprived of that choice." *Abernathy*, 2024 Ark. App. 532, at 5, 699 S.W.3d at 846. Finally, the denial of a motion for a continuance will not be overturned absent a showing of prejudice, which requires alleging particular facts showing prejudice that resulted in a denial of justice. *Galvin v. State*, 2021 Ark. App. 121, 618 S.W.3d 475.

Mayfield's argument is that the circuit court erred in denying his request for a new attorney made on July 10, five days before trial, when he informed the court he was going to fire his attorney. The court inquired whether Mayfield had new counsel or planned to hire new counsel, to which Mayfield replied no. Mayfield stated that he did not plan to represent himself, either, and that he wanted the court to appoint him a new attorney. The court denied the request, stating that Mayfield already had an excellent attorney. Previously, in various pro se pleadings, Mayfield moved the court to "fire" his attorney. Three months before trial, at a pretrial hearing, Mayfield told the court that he wanted to fire his attorney. At that time, the circuit court told him he already had experienced counsel and informed him that if he wanted a new attorney, he would have to hire one.

While Mayfield argues on appeal that he acted diligently in seeking to dismiss his counsel, the record is devoid of any action on his part to hire new counsel. Even after the circuit court informed Mayfield three months before trial that if he wanted a new attorney, he would have to hire one, Mayfield failed to take action to do so. Thus, he did not act diligently. *See Galvin, supra*. By the time of the final pretrial hearing, Mayfield had not identified counsel of his choice. Nor has Mayfield now alleged facts showing prejudice that resulted in a denial of justice. On the record before us, we cannot say that the circuit court abused its discretion in denying Mayfield's motion for a continuance in order to obtain new counsel or that Mayfield was prejudiced by the court's denial. Thus, we affirm on this point.

Affirmed.

WOOD and BROWN, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.